IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keara Holland, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-cv-705-BHH |
| v. ) | |
| ) | **ORDER** |
| Ally Bank, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Keara Holland's *pro se* ("Plaintiff") complaint, wherein Plaintiff asserts that Defendant Ally Bank breached a contract she entered into with the bank for a 2024 Chevrolet Corvette convertible for $105,845.00. (ECF No. 1.) According to Plaintiff's complaint, "Defendant refused the Plaintiff of credits applied for an refused to act/perform in accordance under the contract." (*Id.*) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 26, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action with prejudice, without leave to amend, and without issuance and service of process. (ECF No. 18.) Specifically, the Magistrate Judge found no merit to Plaintiff's claim that Defendant was required to provide Plaintiff with the credit she requested based on her delivery of a self-entitled "negotiable instrument." Indeed, the Magistrate Judge found her claim patently frivolous and noted that, to the extent Plaintiff relies on a "sovereign citizen" theory, such a claim is without merit. (*Id.* at 3-4.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right

to file written objections to the Report within fourteen days of being served with a copy. On April 10, 2025, Plaintiff filed objections to the Report, and the matter is ripe for review. (ECF No. 23.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In Plaintiff's objections, she asserts that the Magistrate Judge incorrectly concluded that her claims lack merit. (ECF No. 23 at 1.) According to Plaintiff, she has requested specific performance of a contract in good faith and not just monetary damages, and she asserts that Ally Bank has a duty to perform under the Federal Reserve Act. (*Id.*) Also according to Plaintiff, the Court should allow the case to proceed on the merits.

After *de novo* review, the Court finds Plaintiff's objections wholly without merit, and the Court fully agrees with the Magistrate Judge's analysis. As the Magistrate Judge properly concluded, Plaintiff's claims are patently frivolous as the purported negotiable

instruments relied upon by Plaintiff appear to be of no contractual effect, and Plaintiff cannot force Defendant to issue her credit to purchase the convertible in question. (*See* ECF No. 18 at 3.) Furthermore, the Court agrees with the Magistrate Judge that, to the extent Plaintiff may claim to be a sovereign citizen, this matter is subject to summary dismissal.

**Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 18); the Court overrules Plaintiff's objections (ECF No. 23); and the Court summarily dismisses this action with prejudice, without further leave to amend (as Plaintiff cannot cure the defects identified by amending her complaint); and without issuance and service of process.**

      **IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

May 15, 2025  
Charleston, South Carolina